108 F.3d 1369
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Juan FELICIANO, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 96-6213.
 United States Court of Appeals, Second Circuit.
 March 24, 1997.
 
 Appearing for Appellant: James M. Baker, Cardozo Bet Tzedek Legal Services, New York, New York.
 Appearing for Appellee: Sapna V. Raj, Assistant United States Attorney, Southern District of New York, New York, New York.
 Present FEINBERG, CARDAMONE and WINTER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Juan Feliciano appeals from Judge Parker's granting of the Commissioner's motion to dismiss his complaint. Feliciano v. Chater, 931 F.Supp. 215 (S.D.N.Y.1996).
 
 
 4
 Feliciano first filed for SSI benefits on April 22, 1991. His application was initially denied, and denied again upon reconsideration. Id. at 218. After an October 15, 1991, hearing, the ALJ determined that Feliciano was not disabled because he could do "light work." Id. The Appeals Council remanded the case because the ALJ had not properly evaluated the plaintiff's subjective claims of low back pain.
 
 
 5
 On May 8, 1993, the ALJ again found that Feliciano was not entitled to relief, id., rejecting the assessment of Dr. Pinon, who had opined that Feliciano was limited in his ability to do basic work activities. The ALJ held that Pinon was not a treating physician under 20 C.F.R. § 416.927(d)(2), that his report did not contain adequate clinical findings, and that Pinon's views were contradicted by other substantial evidence, including that offered by Dr. Mancheno, the consulting physician. Id. The Appeals Council again remanded because it determined that Pinon was in fact a treating physician.
 
 
 6
 At the third hearing, Feliciano offered two additional reports from Dr. Sikha Guha, his rehabilitation physician, who confirmed his lower back pain. The ALJ again denied relief. The Appeals Council rejected Feliciano's petition for review, and Judge Parker held that substantial evidence supported the determination that the plaintiff was not disabled. Id. at 222.
 
 
 7
 "The question for our review is not whether the evidence preponderates in the Secretary's favor." Dumas v. Schweiker, 712 F.2d 1545, 1553 (2d Cir.1983). Rather, if an appellant challenges the factual findings of the Commissioner as to benefit eligibility, the findings are conclusive if supported by "substantial evidence." 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971). Such evidence must be " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Perales, 402 U.S. at 401 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).
 
 
 8
 Although both treating physicians suggested that the plaintiff may not be fit for light work, see 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.17, there is substantial evidence that Feliciano is not disabled.
 
 
 9
 The SSI disability regulations recognize that pain is a subjective symptom of an ailment, not an objectively verifiable impairment in and of itself. 20 C.F.R. § 416.929. The record contains little in the way of such verification, appellant's claim being based largely on appellant's statements as to pain.
 
 
 10
 The ALJ also relied on the assessment of the consulting physician, Dr. Mario Mancheno. Mancheno determined that although the appellant had lower back pain and exhibited a bilateral paraspinal muscle spasm, he could moderately exert himself in lifting/carrying, pushing/pulling, standing/walking, and sitting. Such evidence contradicted that of the treating doctors and therefore distinguishes the instant matter from Carroll v. Secretary of Health and Human Servs., 705 F.2d 638, 643 (2d Cir.1983) ("The Secretary, who had the burden on this issue, failed to introduce any medical or other evidence....")
 
 
 11
 Additional medical evidence in the record also contradicts the treating physicians' reports. Residual Physical Functional Capacity Assessments from North Central Bronx Hospital, the hospital where Drs. Pinon and Guha work, state that Feliciano can occasionally lift 50 pounds, frequently lift 25 pounds, and either stand/walk or sit about 6 hours in an 8-hour workday, well within the "light work" classification. 20 C.F.R. § 416.967(b). The first Assessment actually states that no postural limitations are established.
 
 
 12
 The ALJ was also not incorrect in assessing Feliciano's "activities, medications, and functional restrictions." Feliciano, 931 F.Supp. at 219. Indeed, the regulations provide that "daily activities" and "type, dosage, effectiveness, and side effects of any medication" are relevant factors for consideration when assessing symptoms, such as pain. 20 C.F.R. § 416.929(c)(3). The facts that Feliciano led a relatively normal life and took only Motrin and Ibuprofen, over-the-counter analgesics, to ease his pain, are therefore quite relevant to assessing his claim. Appellant's own testimony offered some evidence that he could perform light work: Feliciano testified, for instance, that he could lift up to fifteen pounds. Substantial evidence, more than a "mere scintilla," therefore supports the ALJ's ruling.
 
 
 13
 Finally, we address appellant's contention that the ALJ erred in not giving "controlling weight" to the treating doctors' findings, or at least in not giving them the most weight. Treating physicians' findings are not determinative and are given "controlling weight" only if "not inconsistent with the other substantial evidence...." 20 C.F.R. § 416.927(d)(2). Therefore, our conclusion that the ALJ's decision was based on substantial evidence disposes of this contention.
 
 
 14
 We therefore affirm.